**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | |
|---|---|
| **DAVID E. MACK,** § | |
| § | |
| **Plaintiff,** § | |
| § | |
| v. § | **CASE NO. 4:11-cv-793** |
| § | |
| **EQUABLE ASCENT FINANCIAL, LLC** § | |
| § | |
| **Defendant.** § | |

**MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM
ON WHICH RELIEF MAY BE GRANTED**

TO THE HONORABLE JUDGE OF THIS COURT:

The Defendant, Equable Ascent Financial, LLC (referred to hereafter as "Equable") files this Motion to Dismiss for Failure to State a Claim on Which Relief May be Granted as follows:

1. This motion is brought pursuant to Rule 12(b)(6) Fed. R. Civ. P.[1] and is made before any other pleading by the Defendant.

2. Any further pleadings are made subject to, and without waiving, this Motion to Dismiss.

3. The Plaintiff alleges violations of the Fair Credit Reporting Act, 15 U.S.C. § 1681 *et seq.*[2] based solely upon the assertion that the Defendant accessed Plaintiff's credit report for an impermissible purpose. The Plaintiff alleges only that the Defendant "violated 15 U.S.C. § 1681 *et seq*. and 15 U.S.C. § 1692e" by obtaining a credit report without any FCRA-sanctioned

---

[1] Referred to hereafter as a "12(b)(6) motion."

[2] Referred to hereafter as "FCRA."

purpose.[4]

  4. The Defendant is the owner of the account in question.[5]

  5. The FCRA provides that a credit report may be obtained:

  a. for review or collection of an account of the consumer, 15 U.S.C. § 1681b(a)(3)(A);

  b. by one who intends to use the information, as a potential investor or servicer in connection with a valuation of, or an assessment of the credit or prepayment risks associated with an existing credit obligation, 15 U.S.C. § 1681b(a)(3)(E);

  c. by one who otherwise has a legitimate business need for the information to review an account to determine whether the consumer continues to meet the terms of the account, 15 U.S.C. § 1681b(a)(3)(F)(ii);

As the owner of the account, the Defendant would have the right to obtain the credit report of the Plaintiff pursuant to any one or all of these provisions.

  6. As the owner and holder of the debt, Equable has the right to collect the indebtedness in question. Equable therefore has the right to obtain a credit report to either review the account (e.g. to determine what steps would be appropriate to attempt to collect on the account and whether or not to do so) and to collect on the account. In *Ostrander v. Unifund*, 2008 U.S. Dist. LEXIS 25040 (W.D.N.Y. 2008), the law firm of Sharinn & Lipshie, in attempting to collect a debt on behalf of its client, Unifund, Corp., "accessed plaintiff's credit report in connection with its collection activities on behalf of Unifund, the assignee of the delinquent Providian account," *Id*. at *11. The Court stated that, as a result, the Plaintiff could

---

[4] See Paragraphs 12-21 of the original complaint [Docket No. 1].

[5] See the original complaint, Paragraph 10.

not "state a plausible claim for relief against Sharinn & Lipshie, and his FCRA § 1681b claim **must be dismissed**[6], *Id. See also Miller v. Wolpoff & Abramson*, 309 Fed. Appx. 40 (7th Cir. 2008) (*unpublished opinion*) (law firm had permissible purpose to obtain credit report because it was acting on behalf of the owner of the debt).

7. In the same vein, EQUABLE would have the right to access the Plaintiff's credit report either in utilizing the information as a potential investor or in servicing the account which they now own pursuant to 15 U.S.C. § 1681b(a)(3)(E).

8. A creditor may access a debtor's credit report to review the account at any time pursuant to 15 U.S.C. 1681b(a)(3)(F). "We note that neither the Act [FCRA] nor the FTC's commentary on the Act suggests that a report may only be permissibly obtained during particular points in the parties' relationship," *Wilting v. Progressive County Mutual*, 227 F.3d 474, 476 (5th Cir. 2000).

9. The only basis asserted by the Plaintiff for this suit is the allegation that the Defendant obtained a credit report without a permissible purpose. As shown, the facts as plead by the Plaintiff show that the Defendant had a permissible purpose.

10. To survive a motion pursuant to a 12(b)(6) motion, a claimant must state "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). When the facts plead by the Plaintiff negate his claims, the alleged claim to relief cannot be plausible on its face. "[D]ismissal on the pleadings is appropriate if, as defendant alleges, the facts stated in plaintiff's complaint affirmatively negate its causes of action," *Long Range Systems v. NTN Wireless Communications*, 2003 U.S. Dist. LEXIS 9060 (N.D. Tex. 2003).

---

[6] All emphasis added unless otherwise stated.

WHEREFORE, the Defendant respectfully requests that the Court dismiss this suit with prejudice and for such other and further relief, both at law and in equity, to which the Defendant may be justly and legally entitled.

          Respectfully submitted,

          **BUSH AND RAMIREZ, LLC**

          //s// Keith Wier
          Keith Wier; SBN:  21436100
          Fed. ID No.:  7930
          5615 Kirby Dr., Suite 900
          Houston, TX 77005
          Telephone: (713) 626-1555
          Facsimile: (713) 622-8077

          **ATTORNEY FOR DEFENDANT,**
          **EQUABLE ASCENT FINANCIAL, LLC**

## CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and provided a copy to Plaintiff by certified mail, return receipt requested as follows:

| | |
|---|---|
| David E. Mack<br>7720 McCallum Blvd., #2099<br>Dallas, TX 75252 | *via cmrrr # 7010 1060 0002 1614 0373* |

          //s// Keith Wier
          Keith Wier