**IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAVID E. MACK,** | § | |
| | § | |
|     **Plaintiff,** | § | |
| | § | |
| v. | § | CASE NO.  4:11-cv-793 |
| | § | |
| **EQUABLE ASCENT FINANCIAL, LLC** | § | |
| | § | |
|     **Defendant.** | § | |

**DEFENDANT'S MEMORANDUM IN RESPONSE
TO PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT**

    Defendant asks the court to deny Plaintiff's Request for Clerk's Entry of Default Judgment.

### A. Introduction

    1.    Plaintiff is David E. Mack; Defendant is Equable Ascent Financial, LLC.

    2.    Plaintiff sued Defendant for violation of the Fair Credit Report Act, 15 U.S.C. § 1681 ("FCRA").

    3.    Defendant was served with Plaintiff's Original Complaint on December 6, 2011.

    4.    Defendant's response to Plaintiff's Complaint was due on or before December 27, 2011.  Defense counsel relocated offices during that time and did not have access to functional computers until December 28, 2011.

    5.    On December 28, 2011, Plaintiff filed his Request for Clerk's Entry of Default Judgment

    6.    On December 29, 2011, Defendant appeared and filed its Rule 12(b)(6) Motion to Dismiss.

### B. Argument

    7.    Although the court may render a default judgment against a party who has not filed a responsive pleading or otherwise defended the suit, this is not a case in which the court should do so.

    8.    Default judgment against defendant is improper because

        (A)    Defendant showed an intent to defend the suit. *See* Fed. R. Civ. P. 55(a).

Defendant filed its responsive pleading to Plaintiff's Original Petition. Defendant filed a Rule 12(b)(6) Motion to Dismiss on December 29, 2011.

(B) Plaintiff did not give Defendant adequate notice of the request for entry of default. *See Key Bank of Me. v. Tablecloth Textile Co. Corp.*, 74 F.3d 349, 352-53 & n.3 (1st Cir. 1996).

(C) Since there is no final default judgment entered in compliance with Rule 55(b) and Defendant has subsequently appeared in the case, the entry of a default judgment at this time would be improper.

### C. Conclusion

9. For these reasons, defendant asks the court to deny Plaintiff's Request for Clerk's Entry of Default Judgment.

Respectfully submitted,

**BUSH AND RAMIREZ, LLC**

//s// Keith Wier
Keith Wier; SBN: 21436100
Fed. ID No.: 7930
5615 Kirby Dr., Suite 900
Houston, TX 77005
Telephone: (713) 626-1555
Facsimile: (713) 622-8077

**ATTORNEY FOR DEFENDANT,
EQUABLE ASCENT FINANCIAL, LLC**

### CERTIFICATE OF SERVICE

I hereby certify that on the 29th day of December, 2011, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and provided a copy to Plaintiff by certified mail, return receipt requested as follows:

David E. Mack            *via cmrrr # 7010 1060 0002 1614 0373*
7720 McCallum Blvd., #2099
Dallas, TX 75252

//s// Keith Wier
Keith Wier