IN THE UNITED STATES DISTRICT COURTS
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED-CLERK
U.S. DISTRICT COURT

2012 JAN -3 PM 12: 07

TEXAS-EASTERN

BY_____

| | |
|---|---|
| David E Mack<br>Plaintiff,<br><br>vs<br><br>EQUABLE ASCENT FINANCIAL, LLC<br>Defendant. | Case No. 4:11-cv-793 |

**NOTICE OF OPPOSITION TO DEFENDANT'S MEMORANDUM IN REPONSE TO PLAINTIFF'S REQUEST FOR CLERK'S ENTRY OF DEFAULT JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff asks the court to deny Defendant's request to deny Plaintiff's Request for Clerk's Entry of Default Judgment.

## INTRODUCTION

1. Plaintiff is David E. Mack; Defendant is EQUABLE ASCENT FINANCIAL, LLC as successor in interest to HILCO RECEIVABLES, LLC.

2. Plaintiff sued Defendant for violation of the FCRA 15 U.S.C. § 1681 et seq.

3. Defendant was served with the summons and complaint on December 6, 2011.

4. Defendant's response to the summons and complaint was due no later than close of business on December 27, 2011 per Federal Rules of Civil Procedure Rule 12(a)(1)(A)(i).

5. On December 28, 2011 Plaintiff filed his request for Clerk's Entry of Default Judgment per Fed. R. Civ. P. as Defendant had not responded to the summons and complaint served upon it by the Plaintiff.

6. Defendant failed to respond within the requisite time allowed under Fed. R. Civ. P. and also failed to request an enlargement of time to file a response.

## ARGUMENT

7. The court may render a default judgment against a party that fails to respond in any form after being served with a summons and complaint.

8. The time to respond is dictated by the Federal Rules of Civil Procedure so that the court may function efficiently and without unnecessary delays.

9. The Defendant in this case failed to retain counsel until the later stages of the time period allowed to respond and counsel for the Defendant failed to take appropriate actions to request an enlargement of time to file responsive pleadings.

10. Defendant filed its frivolous motion to dismiss pleading after the date allowed for a response under Fed. R. Civ. P. and as a consequence was therefore in default when the pleadings were filed with the court.

11. Defendant's citation of *Key Bank of Me. v. Tablecloth Textile Col Corp.* is taken out of context as there were no prior discussions or calculations of potential settlement between the parties and, in fact, the Defendant had ignored repeated requests for settlement discussions with the Plaintiff before suit was filed.

## CONCLUSION

12. Because the Defendant failed to respond to repeated requests to negotiate a settlement before litigation and then failed to take timely action in retaining counsel to represent them and counsel, once retained, failed to act and request additional time to answer, Plaintiff requests that his Request for Clerk's Entry of Default Judgment be granted.

Respectfully Submitted,

David E Mack
7720 McCallum Blvd. # 2099
Dallas, Texas 75252
972-735-9642

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent to the parties listed below by first class mail USPS.

Keith Wier
BUSH & RAMIREZ, LLC
5615 Kirby Dr., Suite 900
Houston, TX 77005

Dated January 3, 2012

_____
David E Mack