IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | |
|---|---|
| David E Mack<br>Plaintiff,<br><br>vs<br><br>EQUABLE ASCENT FINANCIAL, LLC<br>Defendant. | Case No. 4:11-cv-793 |

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION TO DISMISS FOR FAILURE TO STATE A CLAIM UPON WHICH RELIEF MAY BE GRANTED**

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff, David E. Mack asks the court to deny defendant's motion to dismiss for failure to state a claim upon which relief may be granted and states as follows:

## INTRODUCTION

1. Plaintiff is David E. Mack; Defendant is EQUABLE ASCENT FINANCIAL, LLC as successor in interest to HILCO RECEIVABLES, LLC.

2. Plaintiff sued Defendant for violations of the FCRA by HILCO in obtaining Plaintiff's credit report in February 2009 without a permissible purpose.

3. Defendant has filed a motion to dismiss for failure to state a claim upon which relief may be granted.

4. Plaintiff files this response asking the court to deny Defendant's motion.

## ARGUMENT

5. When considering Defendant's motion, the court must construe the factual allegations in the complaint in the light most favorable to the Plaintiff. *In re Stac Elecs. Sec. Litig.*, 89 F.3d 1399, 1403 (9th Cir. 1996); *Jones v. General Elec. Co.*, 87 F.3d 209, 211 (7th Cir. 1996). Only if no possible construction of the alleged facts will entitle Plaintiff to relief should the court grant Defendant's motion. *Hishon v. King & Spalding*, 467 U.S. 69, 73, 104 S.Ct. 2229, 2232 (1984). If the factual allegations in Plaintiff's complaint support any legal theory that entitles Plaintiff to some relief, the court should overrule Defendant's motion.

6. In this case, Plaintiff alleged a cause of action for violation of the FCRA. The elements are:

   a. That HILCO obtained Plaintiff's credit report from TransUnion in February 2009 with no permissible purpose.

   b. That Plaintiff has never had any business dealings or any accounts with, made application for credit from, made application for employment with, applied for insurance from, or received a bona fide offer of credit from the Defendant or HILCO that would have given them permissible purpose to obtain Plaintiff's credit report.

   c. That Plaintiff never gave his consent for the Defendant or HILCO to obtain his credit report from any agency at any time.

7. Plaintiff is not aware of, nor has the Defendant identified <u>AT ANY TIME</u>, what alleged account, if any, the Defendant references in their motion as "giving them permissible purpose" to obtain Plaintiff's credit report and any information to identify whether said alleged account was the type of account as defined in the FCRA that <u>could</u> give the Defendant permissible purpose <u>even if it existed</u>.

8. Defendant has made nothing more than generic statements in its motion such as in ¶ 4 wherein it states "The Defendant is the owner of the account in question" when no information is provided as to when and where any alleged account may have originated. There is no information provided in their argument for dismissal as to how the Defendant may have acquired any alleged account or any rights to it, if they did not originate it, and whether, or how, it even relates to the Plaintiff in any manner.

9. No information has been provided as to what type of account the Defendant alleges it owns that relates to the Plaintiff. There is no evidence as to whether the alleged account is the type of account (i.e. asset or demand deposit) that could <u>possibly</u> give the Defendant permissible purpose to obtain Plaintiff's credit report at any time under the FCRA even **IF** it did exist and they did own it.

10. No <u>existence or ownership</u> of **any** account relating to the Plaintiff has been documented and/or established through evidence, in any manner, by the Defendant that could possibly give them permissible purpose to have obtained Plaintiff's credit report. This fact is precisely what the Plaintiff alleges in his claim for damages. Defendant should not be allowed to make an unsubstantiated claim of the existence and ownership of an alleged account and expect the court to dismiss a claim against it as a result.

11. To survive a motion pursuant to a 12(b)(6) motion, a claimant must state "enough facts to state a claim to relief that is plausible on its face," *Bell Atlantic v. Twombly*, 550 U.S. 544, 570 (2007). Plaintiff sufficiently alleged facts necessary to prove each element of his cause of action and the court must construe the factual allegations in the complaint in the light most favorable to the plaintiff.

## CONCLUSION

12. Because Plaintiff's factual allegations support a claim on which relief can be granted, the court should deny Defendant's motion and retain the case on the court's docket. In the alternative, if the court determines Plaintiff has failed to state a claim, Plaintiff asks the court to grant leave to amend the complaint.

WHEREFORE, because the Defendant has not shown that Plaintiff has failed to state a claim upon which relief may be granted, Plaintiff respectfully requests the Court deny the Defendant's Motion and allow Plaintiff's claim to move forward to trial on the merits.

Respectfully Submitted,

David E Mack
7720 McCallum Blvd. # 2099
Dallas, Texas 75252
972-735-9642

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent to the parties listed below by first class mail USPS.

Keith Wier
BUSH & RAMIREZ, LLC
5615 Kirby Dr., Suite 900
Houston, TX 77005

Dated January 3, 2012

_____
David E Mack