IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK, | § § § | |
| Plaintiff, | § § | |
| v. | § § | CASE NO. 4:11-cv-793 |
| EQUABLE ASCENT FINANCIAL, LLC | § § § | |
| Defendant. | § | |

**MEMORANDUM OPINION, ORDER AND REPORT AND RECOMMENDATIONS OF
UNITED STATES MAGISTRATE JUDGE**

On December 29, 2011, Defendant filed a Motion to Dismiss for Failure to State Claim on Which Relief May be Granted (Dkt. 6). On the same day, *pro se* Plaintiff filed a Motion for Entry of Default Judgment (Dkt. 8). As set forth below, the Court finds that the motions should be DENIED.

On December 28, 2011, Plaintiff requested a clerk's entry of default as to Defendant Equable Ascent Financial, LLC (*see* Dkt. 4). A day later, before the Clerk addressed Plaintiff's request, Defendant appeared in the case and filed a motion to dismiss (*see* Dkts. 5 & 6). The same day, Plaintiff's Motion for Entry of Default Judgment was filed (*see* Dkt. 8).

The Court first addresses the request for default judgment. Because Defendant appeared in the suit prior to the clerk's entry of default, prior to the filing of the motion and within one month of suit being filed, the Court finds that default is inappropriate. Federal Rule of Civil Procedure 55 provides that default may be entered if a defendant has "failed to plead or otherwise defend" the suit.

1

FED. R. CIV. P. 55(a). Default judgments are "generally disfavored in the law" and thus "should not be granted on the claim, without more, that the defendant had failed to meet a procedural time requirement." *Mason & Hanger-Silas Mason Co. v. Metal Trades Council,* 726 F.2d 166, 168 (5th Cir. 1984). Here, Defendant has appeared and filed a motion defending the merits of the claims against it. The Court declines to enter default.

Since Defendant is now participating in the suit, the Court will proceed with the merits of Defendant's motion to dismiss. Defendant alleges that Plaintiff's claims under the Fair Credit Reporting Act, 15 U.S.C. § 1681, *et seq.*, fail because it is "the owner of the account in question" and as such would have the right to obtain Plaintiff's credit report (*see* Dkt. 6). Plaintiff responds that Defendant's general statement that it owned the account is insufficient for dismissal of his claims. The Court agrees.

"To survive a motion to dismiss, a complaint must contain sufficient factual matter, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662, 129 S. Ct. 1937, 1949, 173 L. Ed.2d 868 (2009), (quoting *Twombly*, 550 U.S. at 570, 127 S. Ct. 1955)). For a claim to have facial plausibility, a plaintiff must plead facts that allow the court to draw the reasonable inference that the defendant is liable for the alleged misconduct. *Gonzalez v. Kay*, 577 F.3d 600, 603 (5th Cir. 2009). Therefore, "where the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged – but it has not shown – that the pleader is entitled to relief." *Id*. (internal quotations omitted). Dismissal for failure to state a claim is generally disfavored in the Fifth Circuit. *Zephyr Aviation, L.L.C. v. Dailey*, 247 F.3d 565, 573 (5th Cir. 2001).

The Fair Credit Reporting Act "governs the reporting of consumer credit information and outlines the exclusive permissible uses of credit reports." *Wilting v. Progressive County Mut. Ins. Co.*, 227 F.3d 474, 475 (5th Cir. 2000). Section 1681o of the Fair Credit Reporting Act provides statutory authority for civil liability for negligent noncompliance with the FCRA. *Cousin v. Trans Union Corp.*, 246 F.3d 359, 366 (5th Cir. 2001). Here, Plaintiff has alleged that Defendant failed to comply with Section 1681b by obtaining his credit report for an impermissible purpose. Plaintiff has stated in his complaint that he had no business dealing or accounts with defendant, made application for credit from, made application for employment with, applied for insurance from or received a bona fide offer of credit from HILCO RECEIVABLES, LLC. *See* Dkt. 1 at ¶18.

Such is sufficient to state a claim for violations of Section 1681b. A claim will survive an attack under Rule 12(b)(6) if it "may be supported by showing any set of facts consistent with the allegations in the complaint." *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544, 563, 127 S. Ct. 1955, 1969, 167 L. Ed.2d 929 (2007). In other words, a claim may not be dismissed based solely on a court's supposition that the pleader is unlikely "to find evidentiary support for his allegations or prove his claim to the satisfaction of the factfinder." *Id.* at 563 n. 8. Whether Plaintiff's claims will survive a motion for summary judgment, subject to an evidentiary record, is not for the Court to determine now.

Finally, the Court addresses Plaintiff's concern that Defendant is not timely serving Plaintiff with its filings (*see* Dkt. 12). The Court is in receipt of Defendant's recent filing indicating that Plaintiff "is notified by the court each and every time a filing made by any other party." Dkt. 13. Defendant's assertion is incorrect. Federal Rule of Civil Procedure 5 requires that service be made

3

by hand delivery or mail, unless the opposing party consents to electronic or other service. *See* FED. R. CIV. P. 5(b)(2). While registration for electronic filing in this District automatically constitutes consent to service under the Federal Rules, *see* E. D. TEX. L.R. CV-5(a)(2)(A), *pro se* litigants in this district are specifically exempt from the electronic filing requirement and therefore Plaintiff cannot have consented to electronic service, *see* E. D. TEX. L.R. CV-5(a)(1)(B). Defendant is again cautioned to fully review the Rules of Procedure and Local Rules of the Court. Unless Plaintiff consents otherwise or retains counsel, **Defendant** – not the Court – is responsible for serving its pleadings on Plaintiff. Defendant is further expected not to use the electronic filing system to Plaintiff's detriment. **Any pleadings not already served shall be so served within five (5) days of the date of this Order**.

The Clerk of Court has provided and will provide Plaintiff with notice of any Court orders or notices issued by the Court, however full cooperation between the parties is expected as to all other matters of service and correspondence.

Therefore, the Court finds that Defendant's Motion to Dismiss for Failure to State Claim on Which Relief May be Granted (Dkt. 6) and Plaintiff's Motion for Entry of Default Judgment (Dkt. 8) should be DENIED. The case shall proceed on its merits.

Within fourteen (14) days after service of the magistrate judge's report, any party may serve and file written objections to the findings and recommendations of the magistrate judge. 28 U.S.C.A. § 636(b)(1)(C).

Failure to file written objections to the proposed findings and recommendations contained in this report within fourteen days after service shall bar an aggrieved party from *de novo* review by

the district court of the proposed findings and recommendations and from appellate review of factual findings accepted or adopted by the district court except on grounds of plain error or manifest injustice. *Thomas v. Arn*, 474 U.S. 140, 148 (1985); *Rodriguez v. Bowen*, 857 F.2d 275, 276-77 (5th Cir. 1988).

**SIGNED this 8th day of February, 2012.**

_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE