IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

FILED
U.S. DISTRICT COURT
EASTERN DISTRICT OF TEXAS

OCT 2 2 2012

DAVID J. MALAND, CLERK
BY
DEPUTY _____

DAVID E. MACK )
    Plaintiff, )
 )
 ) Case No. 4:11-cv-793
vs )
 )
 )
 )
EQUABLE ASCENT FINANCIAL, LLC )
    Defendant. )
 )
 )

**PLAINTIFF'S MEMORANDUM IN OPPOSITION TO
DEFENDANT'S MOTION FOR SUMMARY JUDGMENT**

TO THE HONORABLE JUDGE OF THIS COURT:

The Plaintiff asks the Court to deny Defendant's motion for summary judgment and states the following:

### INTRODUCTION

1. Plaintiff is David E. Mack; Defendant is EQUABLE ASCENT FINANCIAL, LLC as successor in interest to HILCO RECEIVABLES, LLC.

2. On December 2, 2011 Plaintiff sued Defendant for violation of the FCRA, 15 U.S.C. § 1681 et seq.

3. Defendant was served with the summons and complaint on December 6, 2011.

4. Defendant filed a motion to dismiss on December 29, 2011.

5. An order denying Defendant's motion to dismiss was filed on February 9, 2012.

6. Defendant filed its Answer to the complaint on July 17, 2012.

7. Defendant filed its First Amended Answer to the complaint on September 21, 1012.

8. On October 2, 2012 Defendant filed a Motion for Summary Judgment on Plaintiffs' cause of action for violation of the FCRA.

9. Summary Judgment is improper in this case because there are genuine issues of material fact on at least one element of Plaintiff's cause of action for violation of the FCRA: no permissible purpose to obtain Plaintiff's credit report from TransUnion.

## STATEMENT OF FACTS

10. Defendant does not argue that it obtained the TransUnion credit report of the Plaintiff.

11. In the Defendant's motion for summary judgment the elements of each claim or defense as to which summary judgment is sought are:

    a. that Plaintiff's suit is not timely filed.

    b. that Defendant had a permissible purpose for obtaining Plaintiff's credit report, the valuation, or an assessment of the credit or prepayment risks associated with an existing credit obligation when considering his account for purchase.

    c. that no information was disseminated to any person or entity other than Plaintiff that his credit report had been obtained by Defendant and Plaintiff could not therefore have sustained actual damages as the result of any act alleged.

12. Plaintiff discovered the violations alleged in this cause of action in May 2011 after he began an intense study of the FCRA and through diligent study and research determined that the Defendant did not have a permissible purpose to have obtained his credit report. (*See* Plaintiff's Exhibit 1)

13. There is an affidavit of Roberto Rodriguez attached to Defendant's motion for summary judgment stating "I am Director of Analytical Operations for Equable

Ascent Financial, LLC (EAF)." (*See* Defendant's Exhibit 1) The affiant states he is familiar with this cause of action.

14. The affiant also states *"I am also familiar with EAF's relationship to the underlying indebtedness to which this suit relates, consideration of the purchase of a 'then-existing' credit obligation of David E. Mack (referred to hereafter as 'the debt'), and all communications by and between any credit reporting agency and EAF regarding the debt."*

15. There is no documentation whatsoever annexed to the affidavit or the pleading to evidence any "then-existing" credit obligation or "debt" of David E. Mack as stated by the affiant.

16. The affiant further states that *"EAF purchases debts and/or accepts the assignment of receivables from various creditors and other entities"* and further states that in doing a risk assessment of the accounts *"they perform a 'soft pull' on those accounts."*

17. There is no documentation whatsoever annexed to the affidavit or pleading to evidence, **in any form,** any alleged obligation, debt, or account that the Defendant "may" have been evaluating, assessing, or collecting on for **any** person, much less the Plaintiff, to create a permissible purpose to obtain Plaintiff's credit report.

18. The affiant further states *"The only communication between EAF and any credit reporting agency relating to David E. Mack was in performing a **soft pull*** (emphasis added) *in connection with the valuation, or an assessment of the credit or prepayment risks associated with an existing credit obligation when considering his account for purchase."*

19. There is no documentation whatsoever attached to the affidavit or pleading or in the record to evidence any alleged then-existing credit obligation or debt that MAY have given rise to a permissible purpose to do a "soft pull" of the Plaintiff's credit report.

20. There is no statement made in the affidavit or any documents attached as an exhibit to said affidavit as to who any alleged creditor may have been, who any seller of any alleged "obligation" was, what amount may have allegedly been due, or ANY other information to possibly identify, **in any manner,** the alleged obligation or to support the statements made in the affidavit.

21. The Affiant further states *"A **soft pull** (emphasis added) is a service offered by the credit reporting agency which does not appear on a consumer's credit report when requested by third parties. The only person who ever knows that a **soft pull** (emphasis added) was made is the consumer."*

22. There is no reference to, or definition of, any such term as "soft pull" in the FCRA.

23. The affiant also states *"The only communication between EAF and any credit reporting agency related to David E. Mack was in performing a **soft pull** (emphasis added) in connection with the valuation, or an assessment of the credit or prepayment risks associated with an existing credit obligation when considering his account for purchase."*

24. There is no information in the affidavit or pleading or in the court record that has identified in any manner any alleged account, obligation or debt on which any valuation of any type could be done or on which any assessment of risk could be made.

25. There is no statement made in the affidavit as to what type of alleged "account" (ie demand deposit, asset, credit, etc) the Defendant is referring to as being assessed or evaluated which **could** give it any permissible purpose to obtain the credit report of the Plaintiff even if such "account" existed which has not been established through any evidence before the Court.

26. There is no verified evidence in any form that has been entered into the court record showing any alleged creditor, account number, amounts alleged to be due, date of origination of any alleged "account," the current status, or any other identifying information of any kind.

## STANDARD OF REVIEW

27. Although summary judgment is proper in any case where there is no genuine issue of material fact, this is not a case in which the court should grant summary judgment. *See* Fed. R. Civ. P. 56(c); *Celotex Corp. v. Catrett*, 477 U.S. 317, 322, 106 S.Ct. 2548, 2552 (1986).

28. A defendant who seeks summary judgment on a plaintiff's cause of action must demonstrate the absence of a genuine issue of material fact by either (1) submitting summary judgment evidence that negates the existence of a material element of plaintiff's claim or (2) showing there is no evidence to support an essential element of plaintiff's claim. *J. Geils Band Employee Benefit Plan v. Smith Barney Shearson, Inc.*, 76 F3d 1245, 1251 (1st Cir. 1996); *see Celotex Corp.*, 477 U.S. at 322-23, 106 S.Ct. at 2552-53. Defendants cannot rely on conclusory statements to establish that plaintiff has not presented evidence on an essential element of his claim. Rather, defendant must demonstrate an absence of genuine factual dispute. *See Celotex Corp.*

477 U.S. at 327, 106 S.Ct. at 2555. Only if defendants meet their burden is plaintiff required to respond by summary judgment proof to show a genuine issue of material fact. Fed. R. Civ. P. 56(e).

29. In determining whether there is a disputed issue of material fact that precludes summary judgment, the court must consider all evidence in the light most favorable to plaintiff as the nonmovant. *Garcia v. Pueblo Country Club*, 229 F.3d 1233, 1236-37 (10th Cir. 2002).

## ARGUMENTS AND AUTHORITIES

30. For the defendant to successfully argue for summary judgment it must show that there are no material fact issues as to any elements of the plaintiff's cause of action where the elements upon which summary judgment is sought are the defenses that the action was not timely filed, that Defendant had a permissible purpose, and that Plaintiff did not sustain any actual damages.

31. In Defendant's **Statement of Undisputed Facts and Procedural History** in its motion for summary judgment (Doc. 24 ¶5) it **falsely states** that "Plaintiff became aware of the alleged violation of obtaining his credit information on May 7, 2009." Plaintiff has stated in his complaint he became aware of the violation that is the basis of Defendant's liability in May 2011 after diligent study of the FCRA and has stated so in his affidavit attached hereto as Plaintiff's Exhibit 1.

32. **Plaintiff's Cause of Action is Barred by Limitations** - Plaintiff stated in his claim that his discovery of the violation at issue was made in May 2011. Defendant wrongly argues that the "discovery" of the violation occurred when the Plaintiff received his credit report in May 2009.

33. In its motion Defendant cites *Benjamin v. Coker* ¶8 as a supporting decision for its argument that Plaintiff did not timely file his complaint. When reading that case it is VERY obvious that the case deals with issues NOT similar to the issue in this case at all, contrary to what is stated by the Defendant.

34. The issue in *Benjamin* dealt with alleged violations before, and what the FCRA said before, the FACTA amendments to the FCRA that went into effect in March 2004. When the FCRA was amended by FACTA there was a change in how the statute of limitations is determined and the plain language of the statute.

35. Prior to the enactment of the FACTA amendments in 2003, the FCRA had provided that claims had to be brought within two years of the "date on which the liability arises," regardless of the date the consumer discovered the violation, unless a willful misrepresentation was involved. FACTA eased the harshness of this rule by providing that, effective March 31, 2004, a suit must be filed within two years of the **"discovery by the plaintiff of the violation that is the basis for such liability"** but in no event more than five years after the date of such violation. 15 U.S.C. § 1681p(1)(2)

36. The Defendant would attempt to convince this Court that the date of discovery of the violation was at the same time that the Plaintiff obtained his credit report in 2009. That argument is false on its face when looking at the averment of the Plaintiff in his complaint stating he did not discover the violation until he studied the FCRA in May 2011 and discovered at that time that the violation had occurred.

37. The Defendant also cites *Schaefer v. CBS Collections*, 2012 WL 2128005 (E.D. Wash. 2012) in support of its argument and once again misrepresents the facts of the

case and states "....involved facts virtually identical to those presently before the Court."

38. When looking at *Schaefer* the Order of the Court clearly states that the account in question was shown on the credit report as being placed for collection and Schaefer knew the information was there. (*See* Schaefer v. CBS Collections Doc. 48 p3 Lines 22-24)

39. In this case Hilco/Equable had no collection account listed on Plaintiff's credit report and Defendant does not state or argue that it did and in fact has not identified ANY type of account that may have been related to the Plaintiff at any time.

40. In ¶7 of Defendant's motion for summary judgment it **blatantly and intentionally mis-states** the answers to Defendant's Interrogatories No. 3 and 4 (*See* EAF Exhibit 2 p 2-3) saying "As stated above, the only violation alleged by Plaintiff is obtaining Plaintiff's credit report which **he alleges to have discovered on May 7, 2009.**" (emphasis added)

41. Plaintiff NEVER has stated that his discovery of the violation was on May 7, 2009 and has ALWAYS stated his discovery of the violation was in May 2011 after his diligent study of the FCRA. Defendant failed to address the Court with candor in making its blatantly false statement of what the Plaintiff said in his responses to Interrogatories.

42. When looking at the plain language of the statute it is not difficult for the Court to see that the date of discovery, as stated in the complaint, is May 2011 which is well within the statute of limitations set forth in the FCRA as amended by FACTA.

43. The United States Supreme Court has stated very clearly that the judiciary must look to the plain language of the statutes to determine the intent of the legislators. "We have stated time and again that courts must presume that a legislature says in a statute what it means and means in a statute what it says there." *Conn. Nat'l Bank v. Germain* 503 U.S. 249 (1992); "the legislative purpose is expressed by the ordinary meaning of the words used." *Richards et al. v. United States et al.* 369 U.S. 1 (1962).

44. The Texas Supreme Court has weighed in on this issue with very clear and profound statements as well. "When interpreting statutes we try to give effect to legislative intent. 'Legislative intent remains the polestar of statutory construction.' However, it is cardinal law in **Texas** that a court construes a statute, 'first, by looking to the plain and common meaning of the statute's words.' If the meaning of the statutory language is unambiguous, we adopt, with few exceptions, the interpretation supported by the plain meaning of the provision's words and terms. Further, if a statute is unambiguous, rules of construction or other extrinsic aids cannot be used to create ambiguity. As our Court said long ago: When the purpose of a legislative enactment is obvious from the language of the law itself, there is nothing left to construction. In such case it is vain to ask the courts to attempt to liberate an invisible spirit, supposed to live concealed within the body of the law. The United States Supreme Court has also stated that a court should not apply rules of construction to unambiguous language barring exceptional circumstances. There are sound reasons we begin with the plain language of a statute before resorting to rules of construction. For one, it is a fair assumption that the Legislature tries to say what it means, and therefore the words it chooses should be the surest guide to legislative intent. <u>Also, ordinary</u>

citizens should be able to rely on the plain language of a statute to mean what it says. (emphasis added) Moreover, when we stray from the plain language of a statute, we risk encroaching on the Legislature's function to decide what the law should be." *Fitzgerald v. Advanced Spine Fixation Sys., Inc.*, 996 S.W.2d 864, 866 (Tex. 1999)

45. It should be obvious to this Court that the Plaintiff's complaint was filed well within the statute of limitations as determined by the FCRA when that statute reads in § 1681p(1) "2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability: or"

46. **Plaintiff Had a Permissible Purpose** – The Defendant must prove through evidence before the Court rather than conclusory statements or speculation that it had a permissible purpose to obtain the Plaintiff's credit report.

47. The Defendant relies on the affidavit of Roberto Rodriguez (*See* EAF Exhibit 1) where the affiant makes certain statements about some "alleged" account but fails in all respects to provide one iota of identification or evidence of the existence of ANY alleged account or any account information relating to the Plaintiff.

48. There is not one document in the record submitted by the Defendant as verified evidence, or otherwise, to show the existence of any alleged account or obligation indicating what type of account or obligation it is, who the alleged original creditor is, or any other identifying information regarding any alleged account that the Defendant could have been assessing or evaluating for purchase.

49. **To allow the Defendant to do nothing more than say there was an account and not be required to identify ANY aspect of that alleged account and show that it actually existed, and was directly related to the Plaintiff in some way and claim**

**that to be a permissible purpose, is to open a loophole so large that virtually anyone could simply state "there was an account" as a cover for illicitly acquiring the credit information of any individual with impunity and violating their right to privacy.**

50. In Defendant's answers to Interrogatories propounded by the Plaintiff (*See* Plaintiff's Exhibit 2), Defendant interestingly states in answer to Interrogatory No. 4 "During the process of bidding on a portfolio of debts EAF or Hilco **possibly** ran soft credit report inquiries on Plaintiff's consumer credit reports. Defendant states it **possibly** could have run a soft pull indicating they don't even know for sure what they were doing?

51. In Defendant's answer to Interrogatory No. 7 it states "During the process of bidding on the portfolio of debts Hilco **possibly** ran a soft credit report inquiry on Plaintiff's consumer credit report." Once again Defendant states it **possibly** ran a soft pull which is contradictory to the statements in the affidavit of Roberto Rodriguez.

52. It should be obvious to this Court that the Defendant has not, and cannot, provide any documentation to substantiate its claim of a permissible purpose in obtaining the Plaintiff's credit report and invading his privacy because it had no permissible purpose.

53. **Plaintiff Has Sustained No Actual Damages** – Defendant attempts to make quite an issue of the fact that it only made a "soft pull" of Plaintiff's credit report. It appears that Defendant erroneously believes that as long as it obtains a consumer's credit report without a permissible purpose and it doesn't show up when someone obtains their report there is no damage done and they have no liability. If a consumer's report

is obtained without a permissible purpose whether it shows up to others who obtain a report or not, there is a private right of action under 15 U.S.C. § 1681n. § 1681n Civil Liability for Willful Noncompliance states in part:

> (a) **In general**
> Any person who willfully fails to comply with any requirement imposed under this subchapter with respect to any consumer is liable to that consumer in an amount equal to the sum of—
> (1)
>    (A) any actual damages sustained by the consumer as a result of the failure **or damages of not less than $100 and not more than $1,000**; or

54. Plaintiff has not made any claim for actual damages in his complaint but instead makes a claim for statutory damages which are available to the consumer under 15 U.S.C. § 1681n(a)(1)(A) when there is a failure to comply with the FCRA.

## OBJECTIONS

56. The evidence submitted in support of Defendant's motion should not be considered by the Court because it is not properly authenticated, is hearsay, and refers to facts not in evidence before the Court. The Court should strike the following summary judgment proof:

a. Defendant relies on a defective affidavit.

- Defendant provides and relies on the affidavit of Roberto Rodriguez with no documentation or substantiation annexed thereto in support of the statements made.

- The affidavit refers to facts not in evidence before the Court.

- The affidavit has not been authenticated before the Court and is hearsay.

## SUMMARY JUDGMENT EVIDENCE

57. In support of his response, Plaintiff includes the following evidence in the attached appendix:

a. Plaintiff's Exhibit 1 - The affidavit of David E. Mack

- The affidavit of David E. Mack establishes that the date of discovery of the violations under the FCRA was in May 2011.

- The affidavit establishes that there is no evidence before the Court of any alleged account or obligation of the Plaintiff that **could** have given the Defendant any possible basis for a permissible purpose to obtain his credit report.

b. Plaintiff's Exhibit 2 - Answers to Interrogatories propounded by David E. Mack and answered by Keith Weir.

c. Plaintiff's Exhibit 3 - Copy of redacted page from Plaintiff's credit report showing the Defendant did, in fact, obtain Plaintiff's credit report.

## CONCLUSION

The Defendant has not met its burden to show that there are no material facts at issue for any element of the Plaintiff's Complaint. In determining whether genuine issues of material fact exist, "factual controversies are construed in the light most favorable to the nonmovant, but only if both parties have introduced evidence showing that an actual controversy exists," Lynch Props., 140 F.3d. at 625. The Defendant has proffered nothing more than a generic affidavit from an employee of EAF that makes statements as to some completely unknown and unidentified alleged account or obligation of the

Plaintiff. There is no evidence in any form that has been brought to the Court or made a part of the record to substantiate the claims of an alleged account or obligation to be assessed or evaluated by the Defendant, as alleged, to substantiate its claim of having a permissible purpose to obtain Plaintiff's credit report. The Defendant has also not proffered any evidence that the date of discovery of the violation at issue was before May 2011 as asserted by the Plaintiff in his affidavit. "Summary judgment will not lie if the dispute about a material fact is "genuine," that is, if the evidence is such that a reasonable jury could return a verdict for the nonmoving party. At the summary judgment stage, the trial judge's function is not himself to weigh the evidence and determine the truth of the matter but to determine whether there is a genuine issue for trial" *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242 (1986).

WHEREFORE, because the Defendant has failed to show there are no issues of material fact before the Court, the Plaintiff respectfully requests the Court DENY the Defendant's Motion for Summary Judgment, strike the Defendant's affidavit, and allow Plaintiff's claim to move forward to trial on the merits.

Respectfully Submitted,

David E Mack
7720 McCallum Blvd. # 2099
Dallas, Texas 75252
972-735-9642

## CERTIFICATE OF SERVICE

This is to certify that a true and correct copy of the document above was sent to the parties listed below by first class mail USPS.

Keith Wier
BUSH & RAMIREZ, LLC
5615 Kirby Dr., Suite 900
Houston, TX 77005

                                       Dated October 22, 2012

                                       _____
                                       David E Mack