# EXHIBIT 2

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| DAVID E. MACK, | § | |
| | § | |
| Plaintiff | § | |
| v. | § | CASE NO. 4:11-cv-793 |
| | § | |
| EQUABLE ASCENT FINANCIAL, LLC, | § | |
| | § | |
| | § | |
| Defendant | § | |

## DEFENDANT, EQUABLE ASCENT FINANCIAL, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

TO: Plaintiff Pro Se, David E. Mack, 7720 McCallum Blvd., #2099, Dallas, TX 75252.

COMES NOW, Defendant, Equable Ascent Financial, LLC, ("EAF") who files and serves the following Objections and Answers to Plaintiff's First Set of Interrogatories in accordance with the Federal Rules of Civil Procedure.

Respectfully submitted,

BUSH AND RAMIREZ, LLC

//s// Keith Wier
Keith Wier; SBN: 21436100
Fed. ID No.: 7930
5615 Kirby Dr., Suite 900
Houston, Texas 77005
(713) 626-1555 Telephone
(713) 622-8077 Telecopier

**ATTORNEY FOR DEFENDANT, EQUABLE ASCENT FINANCIAL, LLC**

Plaintiff's Exhibit 2 – Page 1

## CERTIFICATE OF SERVICE

    I hereby certify that a true and correct copy of the above and foregoing has been forwarded to all counsel of record via e-mail, facsimile, and/or by certified mail, return receipt requested on this the 20th day of September, 2012, as follows:

*Via CMRRR # 7010 2780 0002 2361*
David E. Mack
7720 McCallum Blvd., #2099
Dallas, TX 75252

                                              //s// Keith Wier
                                              Keith Wier

## DEFENDANT, EQUABLE ASCENT FINANCIAL, LLC'S OBJECTIONS AND RESPONSES TO PLAINTIFF'S FIRST SET OF INTERROGATORIES

1. Please describe in detail whether EQUABLE has at any time purchased evidence of alleged debt from any entity that you allege would give you permissible purpose for obtaining the credit report(s) of the Plaintiff.

RESPONSE: Objection: Defendant objects to this interrogatory for the reason that it is vague, ambiguous, and confusing in the use of the term "in detail." Defendant has no way to ascertain what the Plaintiff considers to be "in detail" and/or what level or amount of information the Plaintiff is seeking. Defendant is unable to respond to the Request for as it is uncertain as to what is being asked and will not speculate as to its meaning at its detriment. Defendant invites Plaintiff to restate or otherwise Interrogatory No. 1 in a more understandable manner.

Subject to objections and without waiving them:
EAF successor–in-inertest to Hilco Receivables, LLC ("Hilco") has not purchased evidence of the alleged debt from any entity.

2. Please describe what specific documents you are aware of and have in your possession, custody or control which support your defense of having a permissible purpose to obtain Plaintiff's credit reports.

RESPONSE: Objection: Defendant objects to this interrogatory for the reason that it is vague ambiguous, and confusing in the use of the term "specific document" Defendant has no way to ascertain what the Plaintiff considers to be "specific document" and/or what level or amount of information the Plaintiff is seeking. Defendant is unable to respond to the Request for as it is uncertain as to what is being asked and will not speculate as to its meaning at its detriment.

Subject to objections and without waiving them:
The Fair Credit Reporting Act, 15 U.S.C. § 1692b.

3. Identify each person whom you may call as an expert witness at trial including name, business address and telephone number, and the substance of the facts and opinions to which the expert may testify and summarize the grounds for each opinion.

RESPONSE: Keith Wier
Bush & Ramirez, LLC
5615 Kirby Drive, Suite 900
Houston, TX 77005
Telephone: (713) 626-1555
Facsimile: (713) 626-8077
Possesses knowledge regarding attorney's fees for this lawsuit and attorney billing records for this lawsuit.

Plaintiff's Exhibit 2 – Page 3

3

4.  State all of the facts and describe all actions you took including but not limited to correspondence and communications with any consumer reporting agency, creditor, or potential creditor, with regard to or which in any way references Plaintiff and/or any alleged account for Plaintiff for which you are claiming to have had permissible purpose to obtain Plaintiff's credit report.

**RESPONSE:** Objection: The discovery request asks for information that is not relevant to the claim or defense of any party. Further, this request is overly broad and it inquires into matters that go beyond what is relevant to the claim or defense of any party. The only allegations made by the Plaintiff relate to the pulling of his Trans Union credit report. Any evidence of the collection activity regarding the indebtedness which does not relate to the pulling of Plaintiff's Trans Union credit report is therefore irrelevant. Further, the discovery request places a burden or expense on the party that outweighs its likely benefit. FRCP 26(b)(2)(C)(iii). A court weighing the burdens and benefits should take into account the needs of the case, the amount in controversy, the parties' resources, the importance of the issues at stake in the litigation, and the importance of the proposed discovery in resolving the case.
Subject to objections and without waiving them:
EAF successor-in-inertest to Hilco is a passive debt buyer. During the process of bidding on a portfolio of debts EAF or Hilco possibly ran soft credit report inquiries on Plaintiff's consumer credit reports. The soft credit report inquiries do not affect your credit score and do not show up in your credit report pulled by third parties.

5.  Describe in detail your exact policies and procedures designed to assure the maximum possible accuracy of the information you use to ensure the fulfillment of your duty to ascertain if there was any permissible purpose before obtaining Plaintiff's or any other person's credit report(s).

**RESPONSE:** Objection: Defendant objects to this interrogatory for the reason that it is overly broad, vague, ambiguous, and confusing in the use of the term "in detail." Defendant has no way to ascertain what the Plaintiff considers to be "in detail" and/or what level or amount of information the Plaintiff is seeking. Further, Defendant objects to this interrogatory for the reason that it is overly broad, vague, ambiguous, and confusing in the use of the term "exact policies." Defendant has no way to ascertain what the Plaintiff considers to be "exact policies" and/or what level or amount of information the Plaintiff is seeking. Further, the discovery request asks for information that is not relevant to the claim or defense of any party. Further, the discovery request asks for information that is not relevant to the claim or defense of any party. Further, it is overly broad, vague, ambiguous, and confusing in the use of the term "assure maximum possible accuracy of the information." Defendant has no duty to "assure maximum possible accuracy of the information." That is the duty of the consumer reporting agency. 15 U.S.C. § 1681e(b). Defendant is unable to respond to the Request as it is

**uncertain as to what is being asked and will not speculate as to its meaning at its detriment. Defendant invites Plaintiff to restate or otherwise request Interrogatory No. 5 in a more understandable manner.**

6.  Describe in detail any verifiable, bona fide, **original** contract between any entity and Plaintiff containing Plaintiff's signature creating any obligation that EQUABLE could have any right to collect.

RESPONSE: **Objection: The discovery request asks for information that is not relevant to the claim or defense of any party. Further, this request is overly broad and it inquires into matters that go beyond what is relevant to the claim or defense of any party. The only allegations made by the Plaintiff relate to the pulling of his Trans Union credit report. Any evidence of the underlying contract regarding the indebtedness which does not relate to the pulling of Plaintiff's Trans Union credit report is therefore irrelevant. Further, Defendant objects to this interrogatory for the reason that it is overly broad, vague, ambiguous, and confusing in the use of the term "verifiable, bona fide, original contract." Defendant has no way to ascertain what the Plaintiff considers to be "verifiable, bona fide, original contract" and/or what level or amount of information the Plaintiff is seeking. Defendant is unable to respond to the Request as it is uncertain as to what is being asked and will not speculate as to its meaning at its detriment. Defendant invites Plaintiff to restate or otherwise request Interrogatory No. 6 in a more understandable manner.**

7.  If you, or anyone on your behalf, has destroyed or disposed of any documents, data, recordings, or other information of any nature which would be responsive to any discovery request made by Plaintiff, list with specificity the documents, data, recordings, or other information, what it's (sic) form and content was, what discovery request it applied to, the name of the person destroying or otherwise disposing of or transferring the documents, data, recordings or other information, whether a duplicate was made of any or all of said documents, data, recordings or information and if so where it is presently located and provide the date of such destruction or disposition and provide a copy of such documents, data, recordings or information of any type if they exist.

RESPONSE: **Objection: Defendant is unable to respond to Interrogatory No. 7 as it is uncertain as to what is being asked and will not speculate as to its meaning at its detriment.**

**The Plaintiff's Requests for Production do not describe with reasonable particularity each item or category of items to be produced. FRCP 34(b)(1)(A). Consequently, the Defendant cannot determine if any "responsive" documents were destroyed. Further, the discovery request asks for information that is not relevant to the claim or defense of any party. Further, this request is overly broad and it inquires into matters that go beyond what is relevant to the claim or defense of any party.**

Plaintiff's Exhibit 2 – Page 5

**Subject to objections and without waiving them:**
In 2009 Hilco was bidding on the purchase of a portfolio of debts. The seller bank provided Hilco with some data of the debtors' profile. During the process of bidding on the portfolio of debts Hilco possibly ran a soft credit report inquiry on Plaintiff's consumer credit report. The soft credit report inquiries do not affect your credit score and do not show up in your credit report pulled by third parties. Hilco did not do a hard pull. Hilco's analyst team would evaluate the data they received and then use it to bid. If Hilco lost the bid, the banks require Hilco to delete everything they have about the portfolio.