IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF TEXAS
SHERMAN DIVISION

| | | |
|---|---|---|
| **DAVID E. MACK,** | § | |
| | § | |
|     **Plaintiff** | § | |
| v. | § | **CASE NO. 4:11-cv-793** |
| | § | |
| **EQUABLE ASCENT FINANCIAL, LLC,** | § | |
| | § | |
|     **Defendant** | § | |

### REPLY TO PLAINTIFF'S MEMORANDUM IN OPPOSITION TO DEFENDANT'S MOTION FOR SUMMARY JUDGMENT

TO THE HONORABLE JUDGE OF THIS COURT:

Defendant, Equable Ascent Financial, LLC (referred to hereafter as "EAF"), files this Reply to Plaintiff's Memorandum in Opposition to Defendant's Motion for Summary Judgment and in support thereof would show as follows:

1. Defendant's motion or summary judgment is based on three grounds:

    a. Plaintiff's claims are barred by limitations;

    b. Defendant had a permissible purpose for obtaining Plaintiff's credit information;

    c. No information was disseminated to any person or entity other than Plaintiff that his credit report had been obtained by Defendant and Plaintiff could not have therefore sustained actual damages as a result of the allegedly offensive conduct;

### Limitations

2. In his response, Plaintiff alleges that he did not discover the alleged violation until May 2011. However in Paragraph 9 of his original complaint, Plaintiff states the he discovered the allegedly offensive information on his credit report in February 2009. Further, Plaintiff stated in response to Defendant's Interrogatory Nos. 3 and 4[1] that "the report at issues in this cause of

---

[1] See Exhibit 2, pages 1 and 2 of Defendant's Motion for Summary Judgment [Docket No. 24].

action is the report obtained electronically from TransUnion on May 7, 2009 …" Whether the allegedly offensive conduct was discovered in February or May of 2009, this suit, filed on December 2, 2011 is barred by limitations.

3. Despite Plaintiff's protestations to the contrary, the case cited by Defendant in his motion for summary judgment, *Schaefer v. CBS Collections*, 2012 WL 2128005 (E.D. Wash. 2012) is directly on point. In *Schaefer,* Plaintiff "allege[d] that Defendant improperly made inquiry concerning his credit report in February 2009 and that such inquiry was unauthorized and without a permissible purpose." The *Schaefer* plaintiff learned of the credit inquiry in December of 2009 but argued, as does Plaintiff herein, that limitations did not begin to run on his claim at that time because he was not aware that the inquiry was a violation of the FCRA. The court summarily disposed of this argument as follows:

> Plaintiff's conclusory assertion that he was not aware of the "violations" of the FCRA until May 2011, is belied by the factual admissions of record – that being that he gained knowledge of the credit inquiry by CBS Collections on or about December 7, 2009. The Complaint is replete with allegations that it is this *inquiry*[2] into Defendant's credit that Plaintiff alleges is a violation of the FCRA and FDCPA.

The court held that the suit filed two years and eight days after the date on which Plaintiff learned of the credit inquiry was barred by limitations.

**Permissible Purpose**

4. Plaintiff argues *ad nauseum* that the affidavit of Roberto Rodriguez is insufficient because there are no documents attached and that no account is identified. First, as the Court is well aware that documentary evidence is not the evidence which may be utilized for summary judgment purposes. Second, the affidavit in question reveals an inquiry involving the assessment of an account for investment purposes. The affidavit does not allege that Plaintiff's account was

---

[2] Emphasis in original.

ever purchased by Defendant but is clear that the "only communication between EAF and any credit reporting agency relating to David E. Mack was in performing a soft pull in connection with the valuation, or an assessment of the credit or prepayment risks associated with an existing credit obligation when considering his account for purchase."

5. Defendant has therefore met its burden for obtaining a summary judgment by presenting evidence in support. However, Defendant is entitled to summary judgment in any event as they have previously brought to the attention of the Court that there is no evidence that Plaintiff's credit information was obtained without a permissible purpose.

6. Plaintiff has the burden of proof to show that his credit information was obtained without a permissible purpose. In *King v. MTA Bridges and Tunnels*, 933 F. Supp. 220 (E.D.N.Y. 1996), summary judgment was granted in favor of Defendant on an "impermissible purpose" FCRA claim because "Plaintiff has produced no material facts supporting any inference that these organizations acted other than in a good faith belief that the credit report was requested for [a permissible purpose[3]]," *id.* at 224. As in the *King* case, Plaintiff has not produced any evidence, or attempted to do so, that Defendant obtained his credit information for anything other than in a good faith belief that the information was obtained for evaluating the purchase of a credit account.

## No Evidence of Actual Damages

7. Plaintiff fails to recognize the significance of a soft pull which, as explained in Defendant's motion for summary judgment, is never seen by anyone other than the consumer. Plaintiff does not dispute that the credit inquiry in question was such a soft pull and provides no evidence to contrary, i.e. that someone other than Plaintiff was ever aware that the credit inquiry in question was made. Defendant has therefore pointed out to the Court that there is no evidence

---

[3]   The *King* case involved obtaining a credit report for employment purposes.

that Plaintiff sustained any form of actual damages as the result of the credit inquiry in question. As a result, Defendant is entitled at a minimum to a partial summary judgment on the issue of actual damages.

        Respectfully submitted,

        **BUSH & RAMIREZ, LLC**

        *//s// Keith Wier*
        Keith Wier; SBN:  21436100
        Fed. ID No.:  7930
        5615 Kirby Dr., Suite 900
        Houston, TX 77005
        Telephone: (713) 626-1555
        Facsimile: (713) 622-8077

        **ATTORNEY FOR DEFENDANT,**
        **EQUABLE ASCENT FINANCIAL, LLC**

## CERTIFICATE OF SERVICE

    I hereby certify that on the 30th day of October, 2012, I electronically filed the foregoing with the Clerk of Court using the CM/ECF system and provided a copy to Plaintiff by certified mail, return receipt requested as follows:

David E. Mack                                         *via cmrrr # 7010 2780 0002 0702 1043*
7720 McCallum Blvd., #2099
Dallas, TX 75252

        *//s// Keith Wier*
        Keith Wier