**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**SHERMAN DIVISION**

| | | |
|---|---|---|
| **DAVID E. MACK,** | § | |
| | § | |
| **Plaintiff,** | § | |
| | § | |
| **v.** | § | **CASE NO. 4:11-cv-793** |
| | § | |
| **EQUABLE ASCENT FINANCIAL, LLC,** | § | |
| | § | |
| **Defendant.** | § | |

<u>**MEMORANDUM OPINION AND ORDER OF**</u>
<u>**THE UNITED STATES MAGISTRATE JUDGE**</u>

Now before the Court is Defendant Equable Ascent Financial, LLC's Motion for Summary Judgment (Dkt. 24).  As set forth below, the Court finds that the motion should be GRANTED for Defendant and that Plaintiff take nothing by any of his claims against Defendant.

**FACTUAL BACKGROUND**

Plaintiff David E. Mack alleges that he obtained his credit report and found that Defendant Hilco Receivables, LLC had obtained Plaintiff's consumer credit report in February 2009.  *See* Dkt. 1 at ¶ 9.  Plaintiff alleges that Defendant Equable Ascent Financial, LLC, stands liable, as successor in interest, for the actions of Hilco Receivables, LLC.  *Id.* at ¶ 10.  Plaintiff states in his complaint that he "had no business dealing or accounts with defendant, made application for credit from, made application for employment with, applied for insurance from or received a bona fide offer of credit from Hilco Receivables, LLC."  *Id.* at ¶ 11.

 On December 2, 2011, Plaintiff filed this action *pro se*.  In his Original Complaint, Plaintiff alleges that Defendant failed to comply with the Fair Credit Reporting Act (FCRA), 15 U.S.C.

1

§1681, *et seq*., by obtaining his credit report for an impermissible purpose.  *See* Dkt. 1 at ¶¶ 12-21.

On December 29, 2011, Defendant filed a Motion to Dismiss for Failure to State Claim on Which

Relief May be Granted (Dkt. 6).   On the same day, *pro se* Plaintiff filed a Motion for Entry of

Default Judgment (Dkt. 8).   This Court denied both motions (Dkt. 14), and subsequently, Defendant

filed its Motion for Summary Judgment.

### SUMMARY JUDGMENT STANDARD

Summary judgment is appropriate when, viewing the evidence and all justifiable inferences

in the light most favorable to the non-moving party, there is no genuine issue of material fact and

the moving party is entitled to judgment as a matter of law.  FED. R. CIV. P. 56(c); *Hunt v. Cromartie*,

526 U.S. 541, 549, 119 S. Ct. 1545, 143 L. Ed.2d 731 (1999).   The appropriate inquiry is "whether

the evidence presents a sufficient disagreement to require submission to a jury or whether it is so

one-sided that one party must prevail as a matter of law."  *Anderson v. Liberty Lobby, Inc*., 477 U.S.

242, 251-52, 106 S. Ct. 2505, 91 L. Ed.2d 202 (1986).

The party moving for summary judgment has the initial burden to prove there are no genuine

issues of material fact for trial.  *Provident Life & Accident Ins. Co. v. Goel,* 274 F.3d 984, 991 (5th

Cir. 2001).   In sustaining this burden, the movant must identify those portions of pleadings,

depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any,

which it believes demonstrate the absence of a genuine issue of material fact.  *Celotex Corp. v.

Catrett*, 477 U.S. 317, 325, 106 S. Ct. 2548, 2553, 91 L. Ed.2d 265 (1986).   The moving party,

however, "need not negate the elements of the nonmovant's case."  *Little v. Liquid Air Corp*., 37

F.3d 1069, 1075 (5th Cir. 1994) (en banc).   The movant's burden is only to point out the absence of

evidence supporting the nonmoving party's case. *Stults v. Conoco, Inc.*, 76 F.3d 651, 655 (5th Cir. 1996).

In response, the nonmovant's motion "may not rest upon mere allegations contained in the pleadings, but must set forth and support by summary judgment evidence specific facts showing the existence of a genuine issue for trial." *Ragas v. Tennessee Gas Pipeline Co.*, 136 F.3d 455, 458 (5th Cir. 1998) (citing *Anderson*, 477 U.S. at 255-57, 106 S. Ct. at 2513-14). Once the moving party makes a properly supported motion for summary judgment, the nonmoving party must look beyond the pleadings and designate specific facts in the record to show that there is a genuine issue for trial. *Stults*, 76 F.3d at 655. The citations to evidence must be specific, as the district court is not required to "scour the record" to determine whether the evidence raises a genuine issue of material fact. E.D. TEX. LOCAL R. CV-56(d). Neither "conclusory allegations" nor "unsubstantiated assertions" will satisfy the nonmovant's burden. *Stults*, 76 F.3d at 655.

## ANALYSIS

Defendant moves for summary judgment on the following grounds: (1) Plaintiff's suit is not timely filed; (2) Defendant had a permissible purpose for obtaining Plaintiff's credit report, the valuation, or an assessment of the credit or prepayment risks associated with an existing credit obligation when considering his account for purchase; and (3) that no information was disseminated to any person or entity other than Plaintiff that his credit report had been obtained by Defendant and Plaintiff could not, therefore, have sustained actual damages as the result of any act alleged. *See* Dkt. 24. Defendant has offered the following summary judgment evidence to demonstrate that there is no genuine issue of material fact as to Plaintiff's claims here: Exhibit 1: affidavit of Roberto

Rodriguez; and Exhibit 2: the responses of Plaintiff to written discovery requests.  Dkt. 24-1 and 2. In response, Plaintiff has submitted the following pieces of summary judgment evidence: Exhibit 1: Affidavit of David E. Mack; Exhibit 2: Answers to Interrogatories by Keith Weir; and Exhibit 3: Copy of Plaintiff's Credit Report (redacted) with Defendant's name on it.  Dkt. 26-1-26-3.

The Court has reviewed the summary judgment evidence and finds as follows:

**Permissible Purpose**

The Court first briefly addresses Defendant's argument that summary judgment should be granted in its favor because it had a permissible purpose for obtaining Plaintiff's credit report and no information was disseminated to any person or entity other than Plaintiff that his credit report had been obtained by Defendant and Plaintiff could not, therefore, have sustained actual damages as the result of any act alleged.

The FCRA limits the purposes for which consumer reporting agencies may disclose credit reports, and requires such agencies to maintain reasonable procedures that prevent disclosure in the absence of a permissible purpose.  *See* 15 U.S.C. §§ 1681(b) and 1681e.  Plaintiff claims that Defendant violated Section 1681b of the FCRA by accessing Plaintiff's credit report for an impermissible purpose.  However, Defendant claims that it pulled Plaintiff's credit "in connection with a valuation of, or an assessment of the credit or prepayment risks associated with an existing credit obligation" when considering his account for purchase – a permissible purpose under 15 U.S.C.§1681b(a)(3)(E). Defendant argues that its summary judgment evidence (an affidavit of Roberto Rodriguez) shows that Defendant performed a "soft pull" or soft inquiry to obtain Plaintiff's credit report with the intent to use the information when considering Plaintiff's account for purchase.

4

*See* Dkt. 24.

The Court finds that Defendant's summary judgment evidence does not show that an absence of a genuine issue of material fact as to the permissibility of the credit inquiry and Defendant is therefore not entitled to judgment as a matter of law on those grounds.  As noted by Plaintiff, Defendant's summary judgment evidence fails to include anything about "the existence of any alleged account or obligation indicating what type of account or obligation it is, who the alleged original creditor is, or any other identifying information regarding any alleged account that the Defendant could have been assessing or evaluating for purchase." Dkt. 26 at 10.  Indeed, the scant page-and-a half affidavit of Defendant's representative, Roberto Rodriguez, attached to Defendant's motion contains very little specific details regarding Plaintiff, including the dates, accounts and purpose of any credit pull.  Although it affirms that "[t]he only communication between EAF and any credit reporting agency relating to David E. Mack was in performing a soft pull in connection with the valuation, or an assessment of the credit or prepayment risks associated with an existing credit obligation," Defendant does not provide any evidence of said "communication" or any other details about the account to be purchased.  *See* Dkt. 24-1 at 2; *see also* FED. R. EVID. 1002. Moreover, Plaintiff has offered Defendant's discovery response that "EAF or Hilco possibly ran soft credit report inquiries on Plaintiff's consumer credit reports," Dkt. 26-2 at 5, and that "[d]uring the process of bidding on the portfolio of debts Hilco possibly ran a soft credit report inquiry on Plaintiff's consumer credit report." Dkt. 26-2 at 7.  The allegation of a possible soft pull – without any greater details or proof (which Plaintiff notably sought from Defendant in discovery without much apparent luck) – is simply not enough to establish that there is no genuine issue of material fact

as to Defendant's claim of permissible purpose.

Equally insufficient is Defendant's blanket assertion in discovery and its summary judgment motion that "soft credit report inquiries do not affect your credit score and do not show up in your credit report pulled by third parties" and therefore Plaintiff suffered no damages.  Dkt. 26-2 at 5, 7. Such likely a matter of expert opinion and certainly requires greater substantiation for purposes of summary judgment than the conclusory assertions of Defendant.  The Court will not grant summary judgment on these grounds.

**Statute of Limitations**

Defendant argues that Plaintiff's suit was filed two years after the date of discovery by Plaintiff of the alleged violation of the FCRA and therefore his claims are barred by the statute of limitations.

In 2003, the FCRA was amended to contain the following statute of limitations:

An action to enforce any liability created under this subchapter may be brought in any appropriate United States district court, without regard to the amount in controversy, or in any other court of competent jurisdiction, not later than the earlier of –

(1)    2 years after the date of discovery by the plaintiff of the violation that is the basis for such liability; or

(2)    5 years after the date on which the violation that is the basis for such liability occurs.

15 U.S.C. §1681p.

In his complaint, Plaintiff alleges the following:

•    "Plaintiff found after examination of his TransUnion consumer credit report that Defendant HILCO RECEIVABLES, LLC had obtained Plaintiff's TransUnion consumer credit report in February 2009."  Dkt. 1 at ¶9.

- "Discovery of violations brought forth herein occurred in May 2011 and are within the statute of limitations as defined in FCRA, 15 U.S.C. §1681p.

- "In February, 2009 HILCO RECEIVABLES, LLC obtained the TransUnion consumer credit report of the Plaintiff with no permissible purpose in violation of the FCRA, 15 U.S.C. § 1681b."  Dkt. 1 at ¶20.

In response to summary judgment, Plaintiff has also submitted the following sworn affidavit statements:

- "That Affiant states he did not become aware of the violation alleged in this cause of action until he diligently studied the FCRA, 15 U.S.C. § 1681 et seq. beginning in April 2011 and in continued study discovered the violation in May 2011."  Dkt. 26-1 at ¶3.

- "That Affiant is not in receipt of anything, nor is there anything on the record made, that would show or prove that Affiant knew of the violation of the FCRA prior to May 2011."  Dkt. 26-1 at ¶5.

If this were the only information before the Court, the Court would find a genuine issue of material fact as to the date Plaintiff discovered the alleged FCRA violation as those allegations, depending on syntax, could reference 2009 only as the year the purported "soft pull" of credit was made.

Fatal to Plaintiff's statute of limitations argument, however, are his discovery responses, submitted by Defendant, stating the following:

- "[T]he report at issue in this cause of action is the report obtained electronically from TransUnion on May 7, 2009 through annualcreditreport.com."  Dkt. 24-1 at 5.

- "Plaintiff had no communication with TransUnion in any form other than when he obtained his TransUnion report electronically through annualcreditreport.com on May 7, 2009." Dkt. 24-1 at 5.

• "While Plaintiff acquired the TransUnion credit report in 2009 he did not become aware of the actual violation of the statutory provision until he engaged in substantial study and research of the Fair Credit Reporting Act commencing in April 2011 and thereafter reviewed the report he had previously obtained and discovered the violation." Dkt. 24-1 at 6.

Based on this summary judgment evidence, the Court finds no fact issue that Plaintiff received his credit report in May 2009.[1]  He claims, however that he did not discover "the violation that is the basis for [Defendant's] liability" under the statute until April 2011.

There is no Fifth Circuit authority construing the 2003 amendment of 15 U.S.C. §1681p(1). Looking to pre-2003 authority for guidance, however, the Fifth Circuit has previously interpreted the statutory phrase "within two years after discovery by the individual of the misrepresentation" to mean when a consumer "becomes aware of the issuance of the [credit] report" which causes the injury. *Hyde v. Hibernia Nat. Bank in Jefferson Parish*, 861 F.2d 446, 446-47 (5th Cir. 1988). Although this authority is distinguishable from the facts of this case on various grounds, the fact remains that the date Plaintiff became aware of a credit report is a tangible date and the date he engaged in substantial study and research such that he had a sufficient understanding of the violation is not.

Although the issue of statutory construction is well-argued and briefed by Plaintiff – as are all of his pleadings in this matter – Plaintiff has not cited to any case law that would impose a subjective interpretation of the phrase "date of discovery by the plaintiff of the violation that is the basis for such liability" such that it could be defined as a date when a plaintiff is said to have

---

[1]Plaintiff also submits as summary judgment evidence a redacted copy of the credit report at issue listing "05/07/2009" as the "Date Issued." *See* Dkt. 26-3 at 2.

sufficiently studied the statute to learn what constitutes a violation thereof.  And at least one Texas District Court has rejected a statutory construction of the 2003 amendment which "would allow plaintiffs to indefinitely extend the limitations period." *Bittick v. Experian Info. Solutions, Inc.*, 419 F. Supp.2d 917, 918 -919 (N.D. Tex. 2006) (strictly construing 2003 amendment to Section 1681p). The Court finds that Plaintiff's theory of statutory construction – basing the date of discovery until some date after when  "he engaged in substantial study and research" – would do just that.

Without any authority to the contrary and having taken into account the Fifth Circuit's prior statutory construction of the limitations issues arising under the FCRA, the Court finds that the statute of limitations on this case commenced upon Plaintiff's May 2009 receipt of his credit report. Because Plaintiff did not file suit within two years of that date, his suit is time barred.

 Defendant's Motion for Summary Judgment (Dkt. 24) is GRANTED as to the statute of limitations, and Plaintiff should take nothing by any of the claims raised against Defendant.

**SO ORDERED.**

**SIGNED this 17th day of January, 2013.**


_____
DON D. BUSH
UNITED STATES MAGISTRATE JUDGE